Arthur V. Wittich
MONTANA LAW COMPANY
602 Ferguson Ave., Ste 5
Bozeman, MT 59718
(406) 585-5598
(406) 585-2811 fax
*artw@law-advisor.com*

***Attorney for Plaintiff***

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| SAUNDERS OUTDOOR ADVERTISING, INC.<br><br>Plaintiff,<br><br>vs.<br><br>ASPEN MANAGEMENT, LLC and BUTANA SAND AND GRAVEL, LLC.<br><br>Defendants. | Case No.<br><br><br><br>**COMPLAINT** |

COMES NOW PLAINTIFF, Saunders Outdoor Advertising Inc., by and through undersigned counsel, and for its Complaint against Aspen Management, LLC and Butana Sand and Gravel, LLC, alleges the following:

## PARTIES

1. Saunders Outdoor Advertising Inc. (hereinafter "Saunders") is a Utah corporation with its principal place of business in Utah.

2. Aspen Management, LLC (hereinafter "Aspen") is a Montana limited liability company with its principal place of business in Montana, and whose members of record with the Montana Secretary of State include Scott Haeffner at 3400 Fairmont Road, Anaconda, MT 59711.

3. Butana Sand and Gravel, LLC (hereinafter "Butana") is a Montana limited liability company with its principal place of business in Montana, and whose members of record with the Montana Secretary of State include Rex Leipheimer at 489 Wildrose Lane, Belgrade, MT 59714 .

## JURISDICTION

4. The amount in controversy exceeds $75,000, exclusive of interests and costs and is between citizens of different states.

5. Federal diversity jurisdiction is proper under 28 U.S. Code §1332.

6. Venue is proper under 28 U.S.C §1391(b)(2) because the property that is the subject of the action is located in this judicial district, and the events or omissions giving rise to this cause of action occurred in this judicial district.

## GENERAL ALLEGATIONS

7.  Saunders owns and operates outdoor advertising signs across the country, including Montana.

8.  On or about February 28, 2013 Defendant Aspen owned property generally described as a tract of land in U.S. Government Lot No. 6 of Section 24, Township 3 North, Range 8 West, P.M.M., Butte-Silver Bow County, State of Montana (hereinafter "Property").

9.  On February 28, 2013, Saunders entered into a Lease Agreement (hereinafter "Lease") with Defendant Aspen which allowed Saunders to erect an outdoor billboard on the Property. See Exhibit A, attached hereto.

10. Thereafter, Saunders erected a billboard on the property, which still exists today.

11. The Lease provided for a 15 year term, which was automatically extended an additional 15 year term unless terminated by Saunders.

12. The Lease also included a right of first refusal granting Saunders the right to purchase the Property, and required Aspen to provide Saunders notice and a 30 day right to purchase on the same terms if Aspen decided to sell the property.

13. On February 8, 2019, Aspen by and through its Manager Scott Haeffner, notified Saunders that it was going to sell the Property, with the closing set for February 12, 2019. Scott Haeffner also stated the buyer had inquired concerning

the First Right of Refusal contained in the lease agreement. At Saunders request, Scott Haeffner thereafter agreed to meet, presumably before closing, on the morning of February 12, 2019.

14. Unbeknownst to Saunders, Scott Haeffner and Aspen already agreed to the sale, and actually closed on the Property on February 11, 2019, and recorded a Warranty Deed (See Exhibit B attached) selling and transferring the Property to Defendant Butana.

15. Once the Buyer was disclosed, Saunders offered a new similar lease to Butana and Leipheimer with a slightly longer term. However they refused to sign the new lease, and said they would only honor Saunders' primary term tenancy through 2028.

16. Thereafter, Leipheimer and Butana threatened they would not honor the existing lease at all.

## Count I -- Breach of Lease

17. Plaintiff incorporates all allegations above.

18. The Lease is a valid and enforceable contract between Saunders and Defendant Aspen.

19. At all times alleged herein, Plaintiff was in substantial compliance, and not in breach of, the Lease.

20. Saunders was ready willing and able to exercise its right of first refusal under the Lease.

21. Aspen materially breached the Lease by, among other things, failing to provide Saunders with the required notice and right to purchase, and selling the Property to Defendant Butana.

22. As result of Aspen's material breach Saunders has been damaged by, among other things, prospective loss of its rights to occupy and lease the Property through 2043, loss of its ability to purchase fee title interest in the Property, loss of such fee title interest, and loss of the ability to possess the Property and advertise on it thereafter.

WHEREFORE, Plaintiff prays for judgment against Defendant Aspen as set forth in the prayer for relief below.

## Count II – Unjust Enrichment

23. Plaintiff incorporates all allegations above.

24. Butana now claims rights to the Property (both fee and leasehold) that belong to Saunders, and has threatened to extinguish certain leasehold and fee purchase rights prematurely.

25. Butana knew about the Lease before buying the Property.

26. Butana has been unjustly enriched by possessing and controlling the Property, through the deprivation of Saunders' property rights, and thereby damaging Saunders.

WHEREFORE, Plaintiff prays for judgment against Defendant Butana as set forth in the prayer for relief below.

## Count III – Intentional Interference with Contractual Relations

27. Plaintiff incorporates all allegations above.

28. Defendant Butana intentionally and willfully purchased the Property while knowing of Saunders contractual rights of first refusal, and that Saunders was not provided the opportunity to exercise its right of first refusal.

29. Defendant Butana's conduct caused damage to Saunder's business without lawful purpose or justifiable cause and disrupted the business relationship and contract that Saunders had with Aspen.

WHEREFORE, Plaintiff prays for judgment against Defendant Butana as set forth in the prayer for relief below.

## Prayer for Relief

Whereas Saunders Outdoor Advertising, Inc. prays as follows:

1. For a declaration under 28 USC § 2201 allowing Saunders 30 day notice, to match Butana's purchase terms and buy the Property.

2. For a declaration under 28 USC § 2201 that Saunders' tenancy and right to peaceful enjoyment exists now, and extends until 2043.

3. For monetary damages against Defendant Aspen arising out of its Breach of Lease.

4. For monetary damages against Defendant Butana arising out of its unjust enrichment and tortious conduct.

5. For an award of attorney's fees and costs against Defendants as permitted by law or under contract.

6. For all other damages the Court deems just and proper.

Dated this 11th day of June, 2019

MONTANA LAW COMPANY

By: _____
Arthur V. Wittich
Attorney for Plaintiff