FILED

7/10/2019

Clerk, U.S. District Court
District of Montana
Helena Division

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| SAUNDERS OUTDOOR ADVERTISING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ASPEN MANAGEMENT, LLC; and BUTANA SAND AND GRAVEL, LLC, <br><br> Defendant. | No. CV-19-26-BU-SEH <br><br> **ORDER** |

This case asserts diversity jurisdiction under 28 U.S.C. § 1332(a)(1).[1]

Federal district courts have original diversity jurisdiction under 28 U.S.C. § 1332(a)(1) for civil actions between "citizens of different States" if the amount in controversy exceeds §75,000, exclusive of interest and costs. "[E]ach defendant

---

[1] *See* Doc. 1 at 2.

must be a citizen of a different state from each plaintiff."[2]

Two limited liability companies ("LLC") are named as defendants: Aspen Management, LLC ("Aspen") and Butana Sand and Gravel, LLC ("Butana").[3]

"[A]n LLC is a citizen of every state of which its owners/members are citizens."[4] "[A] party seeking to establish diversity jurisdiction in a case in which [an LLC] is a party must list the *citizenships* of all members of the company, and if any of those members have members, [the members'] citizenships must be listed as well."[5]

The complaint lists the mailing address of each member of Aspen and Butana without alleging their citizenship.[6] Diversity jurisdiction is not well-pleaded.[7]

---

[2] *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citation omitted).

[3] *See* Doc. 1 at 2.

[4] *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

[5] 15A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.57[8], p. 102-226.2 (3d ed. 2018) (emphasis added); *see also Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation.").

[6] *See* Doc. 1 at 2.

[7] *See Settlement Funding, L.L.C.*, 851 F.3d at 536.

Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Leave to amend nevertheless will be given.[8]

ORDERED:

This case will be dismissed on July 17, 2019, unless the complaint is amended to properly plead jurisdiction.

DATED this 10th day of July, 2019.

SAM E. HADDON
United States District Court

---

[8] *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) ("A complaint should not be dismissed without leave to amend unless amendment would be futile.") (citation omitted).