# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| SAUNDERS OUTDOOR ADVERTISING, INC., <br><br> Plaintiff/Counter Defendant, <br><br> vs. <br><br> ASPEN MANAGEMENT, LLC, and BUTANA SAND AND GRAVEL, LLC, <br><br> Defendants/Aspen Management, LLC Counter Plaintiff. | No. CV-19-26-BU-SEH <br><br> **ORDER** |
| ASPEN MANAGEMENT, LLC, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> SUMMIT VALLEY TITLE COMPANY, a Montana Domestic Profit Corporation, <br><br> Third-Party Defendant. | |

## BACKGROUND

Pending before the Court is Defendant Aspen Management, LLC's ("Aspen Management") Motion to Set Aside Clerk's Entry of Default.[1]

---

[1] Doc. 47.

On October 1, 2019, Defendant Butana Sand and Gravel, LLC ("Butana") filed Defendant Butana's Answer to Second Amended Complaint and Crossclaims Against Aspen Management, LLC.[2] Aspen Management's answer to Butana's cross-claims was due on October 24, 2019.[3] No answer to Butana's cross-claims was filed.

On November 18, 2019, Butana filed Butana's Request for Entry of Default Against Aspen Management, LLC.[4] Aspen Management's default on Butana's cross-claims was entered on November 20, 2019.[5]

On November 21, 2019, Aspen Management moved to set aside the entry of default[6] and filed an accompanying brief[7] on November 25, 2019.

Aspen Management alleges its failure to answer Butana's cross-claims was "an inadvertent omission, not a conscious disregarding of a pleading obligation."[8]

---

[2] Doc. 27.

[3] *See* Doc. 29.

[4] Doc. 44.

[5] *See* Doc. 46.

[6] *See* Doc. 47.

[7] *See* Doc. 48.

[8] Doc. 47 at 4.

## DISCUSSION

Federal Rule of Civil Procedure 55(c) permits the court to set aside an entry of default for good cause. The determination of good cause is within the court's discretion.[9] Relief from default is favored. Doubt as to whether good cause exists should be resolved in favor of the defaulting party.[10] Factors the Court may consider when determining if good cause exists in this case, include: "(1) whether [Aspen Management] engaged in culpable conduct that led to default; (2) whether [Aspen Management] had a meritorious defense; or (3) whether reopening the default [ ] would prejudice [Butana]."[11]

## CONCLUSION

"If a defendant 'has received actual or constructive notice of the filing of the action and failed to answer,' its conduct is culpable."[12] However, Aspen

---

[9] See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

[10] See Civic Ctr. Square v. Ford (In re Roxford Foods), 12 F.3d 875, 879, 881 (9th Cir. 1993).

[11] Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925–26 (9th Cir. 2004).

[12] Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004) (quoting Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 690 (9th Cir.1988)).

Management may have meritorious defenses to Butana's cross-claims[13] and reopening the default will not prejudice Butana. The entry of default against Aspen Management is VACATED and SET ASIDE.

ORDERED:

1. Defendant Aspen Management, LLC's Motion to Set Aside Clerk's Entry of Default[14] is GRANTED.

2. Aspen Management shall file an amended answer to the Second Amended Complaint[15] to address Butana's cross-claims on or before December 27, 2019.

DATED this 20th day of December, 2019

SAM E. HADDON
United States District Court

---

[13] *See* Doc. 48 at 10–11.

[14] Doc. 47.

[15] Doc. 25.